Schaffner *v.* Reuter.

SCHAFFNER *vs.* REUTER and others.

When husband and wife are co-defendants, and their interests are not conflicting, she is a competent witness in her own behalf, and may be examined as to an agreement made by her with her husband; not being required to disclose any communication made by her to her husband, or by her husband to her.

Where a husband receives from his wife a sum of money belonging to her absolutely, upon a parol promise to repay the same, he not being indebted at the time, such parol promise, though void at law, is good in equity; and the receipt of the money forms an equitable consideration for the repayment thereof, or for a settlement of real estate of equivalent value, and for a post-nuptial contract carrying such an arrangement into effect.

Where a conveyance, made by a husband to his wife, was no more than a just equivalent for the money borrowed by him of her, and was apparently free from actual fraud; *Held* that such conveyance, although executed after a debt had been incurred by the husband, was supported by the antecedent equitable obligation and consideration, and in legal effect related back to that period.

THIS was an appeal from a judgment entered upon the report of a referee. The action was commenced to set aside a conveyance of certain premises owned by the defendant Henry Reuter, made by the said defendant to the defendant Henry Rechenbergh, and a conveyance of the same premises made by the said Rechenbergh and wife to the de-

fendant Maria B. Reuter, the wife of Henry Reuter. The complaint alleges the existence of the liability of the defendant Henry Reuter upon the claim sought to be enforced in this action, at the time of the execution of the conveyances above mentioned. That judgment has been recovered upon said claim, and an execution against the property of the defendant Henry Reuter returned unsatisfied; and that said conveyances were made without consideration, and with intent to hinder, delay and defraud the creditors of said Reuter, and prayed that said conveyances might be declared fraudulent and void as to the claim of the plaintiff, and that said claim might be declared a lien upon the premises described in the conveyances. The answer of the defendant Maria B. Reuter admits the existence of the plaintiff's claim at the time of the execution of said conveyances, the ownership of said premises by the defendant Henry Reuter at that time, the recovery of judgment and issuing and return of execution thereon, as alleged in the complaint, and admits that the conveyances were without consideration moving therefor at the time of the execution thereof, but alleges that the same were made to repay the said Maria B. Reuter for moneys, the proceeds of her real estate, advanced by her to her husband, said Henry Reuter, after their marriage, and about the year 1846, upon his promise to repay her, and also denies all fraudulent intent.

The defendant admitted on the trial the recovery of a judgment by Julius Newitter, plaintiff, against Phillip Schaffner, Henry Reuter and William Reuter, for $173.32, in the supreme court, on the 2d day of June, 1860, upon a note made by William Reuter and indorsed by Henry Reuter and Phillip Schaffner, dated February 8, 1860, payable in three months from date, for $150; and that an execution was issued thereon against all the defendants, and returned unsatisfied, before the commencement of this action. The plaintiff also proved the assignment of said judgment to himself, prior to the commencement of this action. The plain-

tiff then rested, and the defendant called as a witness Maria Barbara Reuter, who testified as follows: "I live in Franklin street, Albany; I have lived there five years; I am the wife of Henry Reuter; we were married in 1845. I had from my father land and house, a part of it in Germany; that was sold in 1846; my part for something over $600. I gave that money to my husband."

Q. "At the time you let your husband have that money, what was said between you about it?" To this question the plaintiff's counsel objected, on the ground that the wife cannot be required to disclose any communication made between herself and her husband; which objection was overruled, and the plaintiff excepted. "He said he would pay it back to me as soon as he was able to do so; he has never paid it back to me only by that house in Franklin street. My husband goes out white-washing and sawing wood; he has no trade; he never gave me any thing for it, only this house No. 148 Franklin street, in which I live, and about which this litigation is; this house was given to me for my money, what he got for my land; this house and lot, I suppose, are worth about $600." On her cross-examination, the witness testified further in detail in regard to the consideration, and the particulars of the transaction. The defendant then rested, and the case was thereupon submitted, and the referee found the following facts: That on the 8th day of February, 1860, the defendant Henry Reuter was the owner of the real estate described in the complaint, and that the defendant Mary B. Reuter was then and is still his wife; that on the 7th day of April, 1860, the defendant Henry Reuter conveyed said real estate, which is situate in Franklin street, in the city of Albany, to Henry Rechenbergh; and that on the 1st day of May, 1860, said Henry Rechenbergh and Mary his wife conveyed the same premises to the defendant Maria Barbara Reuter. The intention of these conveyances was to vest the title to said premises in Mary B. Reuter, as her separate estate, in payment of over six hundred German thalers,

which she had let her husband Henry have, on his parol promise to pay it back to her as soon as he should be able to do so. They were married—Henry and Mary Barbara Reuter—in Germany, in 1845, and the money which she let her husband have was the proceeds of the sale of a house and some land she inherited or had from her father. The sale was made in 1846, and her share, which was paid over to her by the burgomaster or mayor of the village, was over six hundred German dollars or thalers. Henry Reuter, her husband, had no money or property. Soon after the sale, she having received the money and handed it over to her husband as above mentioned, they left Germany with a family of two children, for this country. Most of the money was spent in paying their passage and expenses of living, until they began to earn money after their arrival here; what was left, about $40, consisting of four gold pieces, was paid towards the purchase of the real estate in Franklin street; the balance of the purchase money actually paid for this property was earned by Mr. and Mrs. Reuter in this country. No consideration was paid by the defendant Rechenbergh for the conveyance aforesaid to him, and Rechenbergh and wife conveyed to the defendant Maria B. Reuter, without any consideration passing between them, but both of said conveyances were made vesting said property in said Maria, in payment of the above mentioned German thalers, by her handed over to her husband, which were equal in value to the Franklin street property described in the complaint. This property is not more than a reasonable support for the defendant Maria. And also the following facts, to wit: the recovery of a judgment by Julius Newitter against Henry Reuter, Philip Schaffner and William Reuter, for $173.30, in the supreme court, on the 23d day of June, 1860, upon a note made by William Reuter and indorsed by Henry Reuter and Philip Schaffner, dated February 8, 1860, for $150, and payable three months after date; that an execution was issued on said judgment and returned unsatisfied, before the commence-

ment of this action; and further, that said judgment was, on the 27th day of June, 1860, for value assigned to Isaac Lawson, and was by the latter, on the 10th day of August, 1860, duly assigned for value to the plaintiff above named; that Henry Reuter indorsed the note above mentioned, but the same not having become due, he had not yet become charged thereon as an indorser at the time of the conveyance by him to Rechenbergh, and by Rechenbergh to Mary.

The referee also decided as matter of law, 1st. That the defendant Henry Reuter did, by his act of receiving the money from his wife on a parol promise to repay it, make an agreement with her which is valid and binding in equity. 2d. That such money was a good and valuable consideration for the conveyance aforesaid to Mrs. Reuter his wife. 3d. That the plaintiff is not entitled, as against the defendant Maria B. Reuter, to the equitable relief prayed for in his complaint. To all of which decisions the plaintiff excepted, separately.

Judgment having been entered on the report of the referee in favor of the defendant Maria B. Reuter, with costs, the plaintiff appealed therefrom to the general term.

*J. Lawson,* for the appellant.

*J. I. Werner,* for the respondent.

*By the Court,* HOGEBOOM, J. I think it quite clear that the wife was properly examined as a witness in this action. 1. She was examined as a witness in her own behalf, where her husband was a co-defendant with her, and where their interests were not conflicting. 2. She was examined as to an agreement made with her husband, where they were contracting parties with each other, and might have been antagonistic parties in a suit between themselves. 3. She was not examined as to, nor required to disclose, any communication (in the proper sense of that term) made by her to her husband or her husband to her.

Under the code, as expounded by the modern authorities,

Schaffner *v.* Reuter.

she was in such a case a competent witness. (*Code,* § 399. *Marsh* v. *Potter,* 30 *Barb.* 506. *Babbott* v. *Thomas,* 31 *id.* 277. *Barton* v. *Gledhill,* 12 *Abb.* 246. 13 *id.* 13. *Shoemaker* v. *McKee,* 19 *How. Pr. R.* 86.)

Under the facts found by the referee, which were warranted by the evidence, I think the referee was also warranted in the conclusions of law at which he arrived.

1. The husband received from the wife a sum of money belonging to her absolutely, upon a parol promise to pay the same, at a time when the plaintiff's debt was not in existence. 2. This parol promise, though void at law, was good in equity, and the receipt of the money under such circumstances formed an equitable consideration for the repayment of the money, or for a settlement of real estate of equivalent value, and for a post-nuptial contract carrying such an arrangement into effect. (*Garlick* v. *Strong,* 3 *Paige,* 440, 452. *Taylors* v. *Moore,* 1 *Rand. Rep.* 563. *Atherly on Mar. Set.* 161. 2 *Kent's Com.* 166. *Partridge* v. *Havens,* 10 *Paige,* 618, 624, 625. *Wickes* v. *Clarke,* 8 *id.* 161, 167. *Gage* v. *Dauchy,* 28 *Barb.* 622.)

*Borst* v. *Corey* (16 *Barb.* 136) is not in conflict with these authorities; for in that case the husband was indebted and insolvent at the time, and the settlement was without any cotemporaneous or antecedent consideration, either legal or equitable, to support it. 3. The conveyance made to the wife by the husband was no more than a just equivalent for the money borrowed of her, was apparently free from actual fraud, and though executed after the plaintiff's debt accrued, was supported by the antecedent equitable obligation and consideration, and in legal effect related back to that period.

There was therefore no error in the decisions of the referee, and the judgment entered upon his report must be *affirmed* with costs.

[ALBANY GENERAL TERM, May 5, 1862. *Hogeboom, Peckham* and *Miller,* Justices.]